UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| RAUDELL MERCADO,<br> *Plaintiff*, | :<br>: |
| | : Case No. 3:16-cv-1622 (VLB) |
| v. | :<br>: |
| DEP'T OF CORRECTIONS, ET AL.,<br> *Defendants*. | : April 30, 2017<br>: |

## RULING ON PENDING MOTIONS

The Plaintiff, Raudell Mercado, is currently incarcerated at MacDougall-Walker Correctional Institution ("MacDougall-Walker"). He initiated this action by filing a civil rights complaint against multiple employees of the State of Connecticut Department of Correction. In January 2017, the Court concluded that the following claims would proceed against the Defendants: the Eighth and Fourteenth Amendment claims of deliberate indifference to mental health needs and safety and the unconstitutional conditions of confinement relating to the Plaintiff's confinement at Northern Correctional Institution ("Northern"), a Fourteenth Amendment due process claim relating to the Plaintiff's transfer to Northern and Cheshire Correctional Institution and his placement in the administrative segregation programs at those facilities and a First Amendment retaliation claim should proceed.

On January 6, 2017, the Court granted the Plaintiff's motion for appointment of *pro bono* counsel. On April 5, 2017, the Defendants filed an answer to the complaint.

I. Motion for Understanding [ECF No. 71]

The Plaintiff seeks clarification with regard to the status of the Clerk's attempts to find an attorney willing to represent him in this case. The Court has the authority

to request an attorney to represent any person unable to afford counsel. 28 U.S.C. § 1915(e)(1). By its express terms, the statute does not grant indigents the absolute right to counsel in civil cases; nor does it grant the court the power to compel counsel to accept the appointment. *See* 28 U.S.C. § 1915(e)(1) ("The court *may* request an attorney to represent any person unable to afford counsel.") (emphasis added); *Mallard v. U.S. Dist. Court for Southern Dist. of Iowa,* 490 U.S. 296, 310 (1989) ("We hold only that § 1915(d) does not authorize the federal courts to make coercive appointments of counsel."); *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986) (district judges are afforded "broad discretion" in determining whether to appoint *pro bono* counsel for an indigent litigant in a civil case). The docket reflects that on March 14, 2017, the Clerk appointed Attorney Bruce Raymond to represent the Plaintiff, however he declined the appointment. On March 22, 2017, the Clerk vacated the order appointing Attorney Raymond as counsel. The Clerk has resumed her efforts to find another attorney to represent the Plaintiff. Thus, as of now, the Clerk has been unsuccessful in securing counsel to represent the Plaintiff. Accordingly, unless and until such counsel is secured, the Plaintiff must continue to litigate the case himself.

The Plaintiff has alternate means of securing legal assistance. He may choose to enlist the assistance of Inmate Legal Services, a legal assistance program provided by the State of Connecticut through a contract with a private law firm. In addition, the Plaintiff may also continue to seek private representation. In some circumstances a prevailing party may recover legal fees and a plaintiff may engage

an attorney on a contingency fee basis on which counsel is entitled to a percentage of any recovery. Having advanced past the initial review state, a resumption of efforts to retain counsel may meet with greater success.

If an attorney agrees to represent the Plaintiff, the Clerk will enter an order appointing the attorney as *pro bono* counsel and the Plaintiff will receive notice of the order. As the Plaintiff can rest assured that he will be informed by the Clerk that he will be notified that an attorney has agreed to represent him he need not file any further requests with the Court to ascertain the status of the Clerk's attempts to obtain counsel.

II. <u>Motion to Seal Video Footage and Records [ECF No. 72]</u>

The Plaintiff states that he asked the Defendants to preserve video footage that supports the allegations in the complaint. He now seeks a court order directing the Defendants to send "all video footage to this Honorable Court so they can be sealed and to avoid the defendants from tampering with these videos." The Plaintiff also seeks a court order directing the Defendants to forward his prison medical records to the Court to be placed under seal.

The Plaintiff is advised to consult Inmate Legal Services and the Federal Rules of Civil Procedure and the Federal Rules of Evidence. These publications may be obtained from the U.S. Government Publishing Office. Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Each party has a duty to preserve discoverable

evidence once "the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 436 (2d Cir. 2001); *see Kronisch v. United States*, 150 F.3d 112, 126-27 (2d Cir. 1998) ("This obligation . . . arises when the party has notice that the evidence is relevant to litigation—most commonly when suit has already been filed, providing the party responsible for the destruction with express notice, but also on occasion in other circumstances, as for example when a party should have known that the evidence may be relevant to future litigation."). Where one party fails to produce documents, the other "may move for an order compelling disclosure or discovery," so long as the motion includes "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1), (3)(B)(iv).

The Court assumes that parties will adhere to the law, including the Federal Rules of Civil Procedure, unless facts are presented suggesting that this assumption is not warranted. The Plaintiff has provided no information to suggest that the Defendants will not continue to preserve the relevant video footage or the Plaintiff's medical records. Nor is there any evidence that the Defendants have "tampered with" videotapes or any other evidence that might be relevant to this case, including his medical records.

To the extent that the Plaintiff intends the Motion to Seal to function as a Motion to Compel, the Court finds he has not complied with Fed. R. Civ. P. 37(a).

**Because there is no basis to order the Defendants to send videotapes or the Plaintiff's medical records to the Court or to place the videotapes or medical records under seal, the motion is DENIED.**

The Plaintiff also asks the Court to intervene and to retrieve and preserve video footage from two dates in January 2017 and one date in February 2017 that allegedly depict conduct that occurred in the medical unit at Northern. On February 1, 2017, prison officials at Northern transferred the Plaintiff to MacDougall-Walker to begin the second phase of the administrative segregation program. The Plaintiff claims that the video footage will show that Dr. Frayne forced him to progress to Phase Two of the administrative segregation program at MacDougall-Walker. The Plaintiff suggests that he did not want to progress to Phase Two.

The Plaintiff informs the Court that he is being treated by a psychiatrist at MacDougall-Walker. The psychiatrist has met with the Plaintiff and has prescribed medication to treat his mental illnesses. The Plaintiff claims that he is taking his medication.

As a preliminary matter, the claim regarding the Plaintiff's transfer to MacDougall-Walker as part of his progression through the administrative segregation phase program is not a claim in the complaint. Thus, the videotapes related to his transfer to MacDougall-Walker in February 2017 are irrelevant to this case. *See De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945) (preliminary injunction appropriate to grant intermediate relief of "the same character as that which relief may be granted finally," but inappropriate where the injunction "deals

with a matter lying wholly outside the issues in the suit"); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) ("[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action"); *Lewis v. Johntson*, No. 08-CV-482 (TJM)(ATB), 2010 WL 1268024, at *2 (N.D.N.Y. Apr. 1, 2010) (denying motion for preliminary injunction based on actions taken by staff at Great Meadow Correctional Facility in 2010 where complaint alleged wrongdoing by staff at Franklin and Upstate Correctional Facilities in 2006 and 2007). Accordingly the Court declines to enter orders compelling the preservation of irrelevant material. This denial does not address the relevance of the material for other purposes or the Department of Corrections duty to preserve it for other purposes.

Further, the Plaintiff does not allege that prison officials at MacDougall-Walker have denied or are depriving him of access to mental health treatment or that he is otherwise not receiving appropriate treatment at MacDougall-Walker. In fact, he asserts facts to suggest the contrary. He concedes that he has received treatment from a psychiatrist who has recommended that he take medication to treat his mental illnesses. The Plaintiff is currently taking the medication prescribed by the psychiatrist. Thus, the Court concludes that the Plaintiff has not alleged that he will suffer imminent harm if the relief requested in his motion to seal and preserve evidence is not granted in this action.

Accordingly, for the reasons set forth above, the motion seeking a court order directing the Defendants to submit videotapes and medical records to be placed

under seal and for court intervention regarding videotapes of incidents that occurred just before the Plaintiff's transfer from Northern to MacDougall-Walker in February 2017 is denied in all respects.

## Conclusion

The Motion to Seal Video Footage and Medical Records [ECF No. 72] is DENIED. The Motion for Understanding [ECF No. 71] seeking clarification of the Clerk's attempts to find an attorney to represent him in this case is GRANTED. On March 22, 2017, the Clerk vacated the order appointing Attorney Raymond as *pro bono* counsel. The Clerk has resumed her efforts to find another attorney to represent the Plaintiff. Thus, the Plaintiff must continue to litigate the case himself. When a new attorney agrees to represent the Plaintiff, the Clerk will enter an order appointing the attorney as *pro bono* counsel and the Plaintiff will receive notice of the order.

SO ORDERED at Hartford, Connecticut this 30th day of April, 2017.

_____/s/_____
VANESSA L. BRYANT
UNITED STATES DISTRICT JUDGE