UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RAUDELL MERCADO, | : | |
|    *Plaintiff*, | : | CIVIL CASE NUMBER: |
| | : | |
| v. | : | 3:16-cv-01622-VLB |
| | : | |
| DEP'T OF CORRECTIONS, *et al.*, | : | February 14, 2019 |
|    *Defendants*. | : | |

## RULING GRANTING DEFENDANTS' MOTION IN LIMINE [DKT. 162]

Plaintiff filed his action pursuant to 42 U.S.C. § 1983 in September 2016. *See* [Dkt. 1 (Compl.)]. Plaintiff's remaining claims, set to be tried before a jury in March 2019, are deliberate indifference and First Amendment retaliation. The Court assumes the parties' familiarity with the facts and procedural history of this case and lays out only the facts necessary for this ruling.

Plaintiff's deliberate indifference claim relates to Defendants Dr. Frayne and Dr. Gagne's re-diagnosis of Plaintiff with antisocial and narcissistic personality disorders and termination of the medications Plaintiff had previously been receiving for bi-polar disorder and attention deficit and hyperactivity disorder ("ADHD"). Plaintiff claims that by failing to provide him with appropriate treatment and medication for bi-polar disorder, Defendants were deliberately indifferent to his serious medical need, causing him injury. Before the Court now is Defendants' Motion *in Limine* to preclude testimony from the Plaintiff regarding medical and mental health causation, future medical needs, and permanency of injury. *See* [Dkt. 162 (Mot. *in Limine*)].

1

## Motion *in Limine* Standard

The purpose of a motion *in limine* is to "aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds. *Levinson v. Westport Nat'l Bank*, No. 3:09-cv-1955 (VLB), 2013 WL 3280013, at *3 (D. Conn. 2013). A court's ruling regarding a motion *in limine* "is subject to change when the case unfolds . . . Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Palmieri*, 88 F.3d at 139 (quoting *Luce v. United States*, 469 U.S. 41-42 (1984)).

## Discussion

To make a claim for deliberate indifference to a serious medical need, Plaintiff must show that his medical need was serious and that Defendants acted with a sufficiently culpable state of mind. *Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) (citing *Estelle v. Gamble*, 492 U.S. 97, 104 (1976)). This includes both an objective component and a subjective component. First, the alleged deprivation must objectively be "sufficiently serious." *Wilson v. Shafer*, 501 U.S. 294, 298 (1991). Here, the parties agree that failure to provide treatment for bipolar disorder could constitute a serious deprivation. Second, Defendants must have been subjectively aware of a substantial risk that the inmate would suffer serious harm as a result of their actions or inactions. *Salahuddin v. Goord*, 467 F.3d 262, 279-80

(2d Cir. 2006). Here, Defendants assert that they believed that Plaintiff was not bipolar, while Plaintiff asserts that Defendants chose to deliberately ignore his prior diagnosis in favor of new diagnoses that required less intense medical supervision. At trial, Plaintiff will have the burden of proving by a preponderance of the evidence that Defendants acted with deliberate indifference to his serious medical need. *Blake v. Coughlin*, 205 F.3d 1321, 1 (2d Cir. 2000).

A. <u>Plaintiff's Testimony</u>

Defendants move to preclude Plaintiff from testifying about "medical or mental health causation of his alleged injuries, the extent of his injuries, his future medical needs or permanency of injury." [Dkt. 162 at 5-6]. Defendants argue that such testimony "goes beyond the field of ordinary knowledge and experience of judges and jurors" and therefore is not appropriate testimony from a lay witness. *Id.* at 6. Defendants point out that Plaintiff has not disclosed any experts as required by Federal Rule of Civil Procedure 26(a)(2)(A) and posit that, as a result, Plaintiff may not offer any expert testimony on the aforementioned topics. *Id.*

Plaintiff represents that he does not intend to testify about medical or mental health causation, the medical bases of diagnoses, the need for future treatment, or the consequences of lack of treatment. [Dkt. 171 at 2-3]. Rather, Plaintiff plans to testify as to the fact of previous and subsequent diagnoses and his injuries. *Id.* As such, Plaintiff contends that Defendants' motion does not apply to Plaintiff's testimony. *Id.* at 3.

Federal Rule of Evidence 702 allows "[a] witness who is qualified as an expert by knowledge, skill, training, or education" to provide opinion or other

3

testimony under certain circumstances. Generally, Rule 26(a)(2)(A) requires a party to disclose its expert witnesses by a certain date. *See* Fed. R. Civ. P. 26(a)(2)(A). There is an exception to the disclosure requirement for treating physicians who, even when not disclosed, may provide certain testimony, as discussed further *supra* at Section B. On the other hand, a regular fact witness may testify to matters of which the witness has personal knowledge and for which a foundation has been laid. *See* Fed. R. Evid. 602. Further, a lay, non-expert, witness may testify in the form of an opinion if that opinion is limited to one that is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

The parties seem to agree, as does the Court, that Plaintiff can testify as to the fact of his alleged injuries, including the past mental health diagnoses and treatment he received and the symptoms Plaintiff experienced both while on those medications and after the medications were halted. [Dkt. 162 (Mot. *in Limine*) at 3; Dkt. 171 (Opp'n Mot. *in Limine*) at 3]. Plaintiff may provide such testimony with a foundation which supports a finding that Plaintiff has personal knowledge of these matters. *See* Fed. R. Evid. 602. This testimony can include Plaintiff's "own perceptions, including the physical and emotional effects" Plaintiff experienced at certain times. *See Coleman v. Tinsley*, No. 1:10-cv-327, 2012 WL 728310, at *6 (N.D. Ind. Mar. 6, 2012) (holding that plaintiff could "testify about his own perception of his physical and mental health, before and after the incident, which includes

recounting any pain, fear, or anxiety he experienced during those times").

The parties also seem to agree that Plaintiff may not testify as to medical causation, future medical needs, or permanency of injury, as these issues require scientific, technical, or other specialized knowledge, which Plaintiff lacks. [Dkt. 162 at 3; Dkt. 171 at 3]. Plaintiff does not intend to testify on these topics according to his opposition to the motion *in limine*. *See* [Dkt. 171 at 3]. As such, there seems to be no dispute between the parties regarding Plaintiff's testimony.

The Court agrees with the parties on the parameters of admissible and inadmissible testimony from Plaintiff. While Plaintiff may serve as a fact witness testifying based on his personal knowledge about the diagnoses he received and his mental and physical conditions over time, testimony from Plaintiff regarding technical medical information and as to causation of his injuries would be improper here. Specifically, Plaintiff is not qualified to testify about the bases for his mental health diagnoses or whether the withdrawal of Plaintiff's bi-polar disorder medication caused any injuries he claims. *See* Fed. R. Evid. 701; Fed. R. Evid. 702; *United States v. Cravens*, 275 F.3d 637, 641 (7th Cir. 2001) ("Although a lay person may readily observe a [health] problem, the *causation* of a mental disease or defect is a more technical medical determination such that a court would find expert testimony particularly useful to its ultimate decision.")). This is because such testimony requires specialized knowledge and training which Plaintiff does not have. Plaintiff can only "lay the groundwork for the jury to infer causation" by testifying about his condition prior to his initial bi-polar disorder diagnosis, while on medication for bi-polar disorder, and after Defendants terminated that

medication. *See Coleman*, 2012 WL 728310, at *6 (citing *Hendrickson v. Cooper*, 589 F.3d 887, 892 (7th Cir. 2009)).

Expert medical testimony on causation is not always required in deliberate indifference cases. *See Williams v. Raimo*, No. , 2012 WL 4911722, at *2 (N.D.N.Y. Oct. 15, 2012); *Williams v. Liefer*, 491 F.3d 710, 715-16 (7th Cir. 2007). Such medical testimony is not necessary when the injuries are within the jury's common experiences and observations. *Williams*, 2012 WL 4911722, at *3 (denying defendants' motion *in limine* to preclude Plaintiff from offering causation evidence regarding deliberate indifference claim arising from correctional officers punching plaintiff and medical staff failure to address the evident injuries); *Williams*, 491 F.3d at 715-16 (holding that it is not always necessary for every type of harm to be supported with expert medical testimony on causation). This is not such a case, as Plaintiff claims subjective injury which cannot be observed. Given the complex mental health conditions and issues involved in Plaintiff's claims, medical testimony will be necessary. Plaintiff will be able to present testimony from his treating physicians to attempt to prove causation and Defendants may do the same to rebut. *See McAfee*, 14-cv-410 (VAB), 2017 WL 3184171, at *6 (D. Conn. Jul. 26, 2017).

### B. <u>Treating Physician Testimony</u>

Plaintiff's Opposition and Defendants' Reply raise the issue of what treating physician testimony is proper absent disclosure of those treating physicians as experts under Federal Rule of Civil Procedure 26(a)(2). [Dkt. 171 at 4-5; Dkt. 173 (Defendants' Reply) at 2-5].

Rule 26(a)(2) requires a party to disclose the identity of any witness it may use at trial to present expert testimony to the other parties at least 90 days before the date set for trial or for the case to be ready for trial or 30 days prior if the intent is to use the testimony only as rebuttal evidence. Fed. R. Civ. P. 26(a)(2)(A), (a)(2)(D). The parties in this case did not disclose any experts to each other. *See* [Dkt. 171 at 4-5; Dkt. 173 at 1].

Plaintiff suggests that, because Defendants did not disclose Drs. Frayne and Gagne as experts, they "may only testify as to their encounters with and actions taken toward Plaintiff and may not provide any testimony as to their opinion on Plaintiff's mental or medical health." [Dkt. 171 at 5]. Defendants point out that Drs. Frayne and Gagne were listed as witnesses in the Joint Trial Memorandum, though not disclosed as experts because they were not retained as experts in this case because they are Plaintiff's treating doctors who may provide expert testimony without any of the expert notice requirements. [Dkt. 173 at 3]. Accordingly, Defendants argue that they can testify about "their perceptions of the plaintiff's medical and mental health condition as learned from their examination and treatment of him" as well as "their scientific, technical, or other specialized knowledge and opinions." *Id.* at 5.

Defendants are correct that a treating physician can still provide testimony based on their specialized knowledge and skill despite not having complied with the reporting requirement of Rule 26(a)(2). That testimony, though, is limited.

Under such circumstances, a treating physician may "not be permitted to render opinions outside the course of treatment and beyond the reasonable

7

reading of medical records.'"  *McAfee v. Naqvi*, 2017 WL 3184171, at *4 (quoting *Barack v. Am. Honda Motor Co.*, 293 F.R.D. 106, 109 (D. Conn. 2013)).  "The key to what a treating physician can testify to without being declared an expert is based on *his personal knowledge from consultation, examination and treatment of the Plaintiff, not from information acquired from outside sources.*"  *Barack*, 293 F.R.D. at 109 (quoting *Motta v. First Unum Life Ins. Co.*, CV 09-3674, 2011 WL 4374544, at *3 (E.D.N.Y. Sept. 19, 2011)) (internal quotation marks and brackets omitted) (emphasis in original).  Accordingly, a treating physician's testimony is not limited to facts; they "may testify as to opinions formed during their treatment, *including causation*, severity, disability, permanency and future impairments."  *Id.* (quoting *Williams v. Regus Mgmt. Grp., LLC*, No. 10 Civ. 8987 (JMF), 2012 WL 1711378, at *3 (S.D.N.Y. May 11, 2012)) (emphasis in original).  He or she is "permitted to offer opinion testimony on diagnosis, treatment, prognosis and causation, but *solely* as to the information he/she has acquired through observation of the Plaintiff in his/her role as a treating physician limited to the facts in Plaintiff's course of treatment."  *Id.* (quoting *Spencer v. Int'l Shoppes, Inc.*, No. CV 06-2637 (AKT), 2011 WL 4383046, at *4 (E.D.N.Y. Sept. 20, 2011)).

"A treating physician who has not complied with the reporting requirement of Rule 26(a)(2)(B) should not be permitted to render opinions outside the course of treatment and beyond the reasonable reading of the medical records."  *Id.* (quoting *Lamere v. N.Y. State Office for the Aging*, 223 F.R.D. 85, 89 (N.D.N.Y. 2004)) (internal brackets omitted).  This exclusion includes testimony as to medical matters unrelated to the actual care and treatment of the particular patient, and any opinion not derived from the physician's personal

**knowledge of the patient's course of treatment. In particular, a treating physician not disclosed as an expert may not testify concerning information developed or acquired in anticipation of litigation, or that the physician formed in preparation for his or her trial testimony.** *Id.* **at 111.**

**With the above limitations, treating physicians, including the Defendants, may provide opinion testimony related to their treatment of Plaintiff.**

## Conclusion

**For the foregoing reasons, Defendants' motion is GRANTED, to the extent Plaintiff would seek to testify about mental health causation or other issues which would require scientific, technical, or other specialized knowledge. The parties should utilize this ruling to guide their questioning of Plaintiff and treating physician witnesses at trial.**

**IT IS SO ORDERED.**

                                                                 **/s/**
                                        **Hon. Vanessa L. Bryant**
                                        **United States District Judge**

**Dated at Hartford, Connecticut: February 14, 2019**